GULF, COLORADO & SANTA FE RAILWAY COMPANY v. G. B. MILNER.

.. Decided January 4, 1902.

1.—Railway Company—Signal at Crossings—Negligence.

The blowing of the whistle for a public crossing, as required by the statute, will be negligence where it causes injury to one near the track by frightening his horse if the train operatives see and realize the danger of such person and can refrain from giving such signal with proper regard to the safety of the train and of persons using the crossing.

2.—Same—Evidence—Res Gestae.

The declaration of an engineer, made immediately after blowing the whistle for a public crossing and upon his attention being called to a runaway horse, that he had not seen plaintiff before he blew the whistle, was part of the res gestae, and its exclusion reversible error, even though the conductor and fireman saw plaintiff before the whistle was blown.

Appeal from the County Court of Johnson. Tried below before Hon. O. T. Plummer, Special Judge.

Ramsey & Odell and J. W. Terry, for appellant.

J. A. Stamford and D. M. Watkins, for appellee.

RAINEY, CHIEF JUSTICE.—Appellee sued to recover of appellant for injuries to himself and buggy, alleged to have been caused by his horse taking fright at the blowing of a whistle, etc., of one of the defendant's engines in the city of Cleburne.

The evidence shows that appellee and a companion were in a buggy traveling along a public highway near defendant's track, and at a point near a whistling post where signals were required by statute to be given in approaching a crossing. A locomotive engine was being operated along said track at the point stated. Signals were given, which frightened the horse, causing him to run away, injuring plaintiff and his buggy.

Plaintiff seeks to recover on the theory that the blowing of the whistle was negligence, as the employes of defendant saw that the horse was frightened, and they should have refrained from sounding the signal under the circumstances. Defendant contends that the signal was made in obedience to the requirement of the statutes, and no liability exists therefor, though injury may have resulted therefrom.

The court charged the jury, on this phase of the case, that if the horse was frightened by the signal for the approach to the crossing, it "would

not render defendant liable for the injury, unless said employes and agents of defendant saw and realized, or had reasons to know that such noise would cause fright to the said horse and probably result in injury, and the burden of proving such knowledge on the part of the employes and agents of defendant blowing such whistle is upon the plaintiff."

We are of the opinion that this charge is correct in the absence of some fact tending to show that injury to another at the crossing might have resulted by the failure to blow the whistle. 1 Elliott on Railroads, par. 1264; Railway v. Blan, 62 S. W. Rep., 552. The remarks of the court in Railway v. Yarbrough, 39 Southwestern Reporter, 1096, are applicable here, viz: "Even though there was occasion for blowing the whistle, still, if the employe saw that the horse would be frightened by the noise and he could desist from blowing the whistle consistently with his duties and without damage to the master's business, it would be the duty of the servant to refrain for a reasonable time from blowing the whistle under such circumstances, and a failure to so desist might properly be regarded by the jury as negligence."

The object of the statute in requiring a signal to be given on a train's approaching the crossing was evidently intended to warn those who were on or about to go on the crossing that injury might be prevented thereby, and this requirement should never be disregarded except in cases of emergency where the giving of the signal would likely cause injury. When the life of a person is imperiled by the lawful operation of a train, and the danger is discovered by the employes, they must use all the means at their command to avert the danger. So, in a case of this character, if the employes discover the danger, they must desist from blowing the whistle, if it can be done consistent with their duty to those using the crossing. Just what should be done or not done must be controlled by the particular circumstances surrounding each case. If the operatives saw that the giving of the signal was liable to frighten plaintiff's horse and thereby cause injury, then they should have refrained from giving it, provided they could have, by the proper operation of the train for the safety of those on board the train, protected from harm those at the crossing.

Appellant complains of the action of the court in refusing to admit a statement of the engineer made at the time of the accident under the following circumstances, as shown by a bill of exception properly reserved, to wit: "Baebel, a witness for the defendant, testified that he was the fireman on the engine upon which the whistle was blown which, it is claimed, was the cause of the injury to the plaintiff in this case; that said whistle had been blown by the engineer on said engine as a signal for a public crossing, and that after said whistle was blown and plaintiffs' horse had started to run, he, the witness, called the engineer's attention thereto by remarking, 'Look yonder at the runaway.' That witness was then asked by counsel for defendant the following question: 'What did the engineer say when you called his attention to the runaway?' To which question the witness would have replied that the

engineer then said, in effect, that he had not seen the plaintiff before he blew the whistle. The said question was asked for the purpose of showing that he did not have such knowledge at the time the whistle was blown. To which question counsel for said plaintiff objected upon the grounds that it would be hearsay evidence, which objection was sustained by the court." This statement was res gestae, and the court erred in not admitting it. Railway v. Anderson, 82 Texas, 516; Railway v. Bryant, 54 S. W. Rep., 364. If the plaintiff was not seen by the employes, no liability would attach under the circumstances. It was therefore a material inquiry, and no legitimate evidence bearing thereon should have been excluded.

For the error stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

### REHEARING.

It is insisted by counsel for appellee that under the evidence the exclusion of the statement made by the engineer, as was proposed to be shown by the fireman, was immaterial, as the evidence shows without contradiction that if appellee was not seen by the engineer when the whistle was blown, he was seen by the conductor and fireman, and they were in a position to have prevented the blowing of the whistle, and their failure to do so was negligence chargeable to the appellant. It is not shown by the evidence who had control of the operation of the engine, what was the duty of each in that respect, nor whose duty it was to blow the whistle at the post. If it was the duty of the engineer to blow the whistle, and he did blow it, and at the time he did not see appellee, then negligence can not be charged to him. Nor can it be said as a matter of law that the conductor or fireman knew that the engineer did not see appellant, and if they did, that they should warn him of the situation, or if he saw appellee, that they should anticipate that he would not perform his duty, but instead, blow the whistle, if the situation required him to refrain from doing so. The evidence leaves it in doubt as to the engineer seeing the appellee. Whether the engineer saw appellee is important in determining the question of negligence of the employes, and we can not tell what effect the admission of the evidence excluded would have produced upon the jury.

The motion for rehearing is overruled.

*Overruled.*